**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| RONNIE HALTON, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | Civil Action No. 3:12-CV-4274-B-(BH) | |
| § | | |
| STEPHEN DUPLANTIS, et al., § | | |
| Defendants. § | Pretrial Management | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to the electronic order of reference dated October 23, 2012, this case has been referred for pretrial management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions. Before the Court is the *Defendants' Motion for Judgment on the Pleadings Under Fed.R.Civ.P. 12(b)(2) and 12(c) and Brief in Support*, filed November 28, 2012 (doc. 11). Based on the relevant filings and applicable law, the motion should be **DENIED** in part and **GRANTED**, in part.

### I. BACKGROUND

On October 12, 2012, Ronnie Halton (Plaintiff) sued Assistant Public Defender Stephen Duplantis (APD) and the Public Defender's Office (PD's Office) (collectively Defendants) in state court. (*See* doc. 1-1 at 7-11.) He contended that the APD violated his civil rights under the Sixth, Eighth and Fourteenth Amendments by providing ineffective assistance of counsel during Plaintiff's prosecution for aggravated assault with a deadly weapon. (*Id.* at 8, 11.) He made no specific allegations concerning the PDO. (*See id.* at 7-11.) Defendants answered the lawsuit on October 22, 2012, and removed the case to federal court on the basis of federal question jurisdiction on October 23, 2012. (*Id.* at 24-26; doc. 1.)

Defendants move for judgment on the pleadings. (*See* doc. 11). With a timely-filed response

(*see* docs. 26, 28), the motion is now ripe for consideration.

## II. MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Defendants move to dismiss Plaintiff's claims against the PD's Office under Fed. R. Civ. P. 12(b)(2), arguing that the Court lacks personal jurisdiction over it because it is a non-jural entity. (*See* doc. 11 at 7.)[1]

Only one court in this circuit appears to have squarely addressed the issue of whether claims against a non-jural entity may be dismissed for lack of personal jurisdiction under Rule 12(b)(2). *See Von Minden v. Jankowski*, A-06-CA-823 LY, 2007 WL 1958615, at *2 (W.D. Tex. Jul. 3, 2007). It noted that Rule 12(b)(2) was the means for challenging whether a district court had "*personal jurisdiction* over the defendant, 'which raises a question as to whether the controversy or the defendant has sufficient contacts, ties, or relationships with the forum to give the court the right to exercise judicial power over the defendant-an issue that typically implicates a jurisdictional statute or rule and quite frequently the Due Process Clause of the Constitution as well.'" *Id.* (emphasis original), quoting 5B Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1351 (3rd ed.2004).[2] Noting the argument that the plaintiffs had failed to state a claim against the non-

---

[1] Defendants' briefing on this preliminary jurisdictional issue consists of a single statement that the Court lacks personal jurisdiction over the PD's Office and a citation to Fed. R. Civ. P. 12(b)(2). (*See* doc. 11 at 7.)

[2] The exercise of personal jurisdiction over a non-resident defendant is proper when: (1) the non-resident is subject to jurisdiction under the laws of the state in which the court sits; and (2) the exercise of jurisdiction over the defendant comports with the due process requirements of the United States Constitution. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-74 (1985); *Panda Brandywine Corp. v. Potomac Electric Power Co.*, 253 F.3d 865, 867 (5th Cir. 2001) (per curiam). Because the Texas long-arm statute authorizes the exercise of personal jurisdiction to the extent allowed by the due process clause of the Fourteenth Amendment, only the federal due process inquiry need be addressed. *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999); TEX. CIV. PRAC. & REM. CODE ANN. § 17.041 *et seq*. (West 2012). "The Due Process Clause of the Fourteenth Amendment permits the exercise of personal jurisdiction over a nonresident defendant when (1) that defendant has purposefully availed itself of the benefits and protections of the forum state by establishing 'minimum contacts' with the forum state; and (2) the exercise of jurisdiction over that defendant does not offend 'traditional notions of fair play and substantial justice.'" *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999) (citing *Intn'l Shoe Co. v. State of Washington*, 326 U.S. 310, 316 (1945)). The "minimum contacts" prong of the analysis is satisfied when a defendant "purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S.

jural entity, the court found that the proper vehicle for dismissal was Rule 12(b)(6) and construed the motion as arising under that rule. *Id.*(citations omitted).[3] This Court agrees that a motion to dismiss claims against a non-jural entity for failure to state a claim is properly raised under Rule 12(b)(6).

Here, Defendants also argue that Plaintiff fails to state a cognizable claim against the PD's Office because it is a non-jural entity. (*See* doc. 11 at 6-7.) Because Defendants have also moved for judgment on the pleadings on this same basis, construction of their Rule 12(b)(2) motion as arising under Rule 12(b)(6) is unnecessary. Their motion under Rule 12(b)(2) should be denied.

### III. MOTION FOR JUDGMENT ON THE PLEADINGS

Defendant move for judgment on the pleadings under Rule 12(c) on all of Plaintiff's claims against them. (*See* doc. 11.)

**A.    Rule 12(c) Standard**

Parties may move for judgment on the pleadings "[a]fter the pleadings are closed – but early enough not to delay trial." Fed. R. Civ. P. 12(c). Rule 12(c) motions are "designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (citation omitted). The standard for deciding a Rule 12(c) motion is the same as a Rule 12(b)(6) motion to dismiss. *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007).

Motions to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be

---

235, 253 (1958). The nonresident defendant's availment must be such that the defendant "should reasonably anticipate being haled into court" in the forum state. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

[3] Courts in other jurisdictions considering this issue have reached the same result. *See Robinson v. Bladen County Sheriff Dept.*, No. 7:10-CV-146-BO, 2010 WL 4054389, at *2 n. 1 (E.D.N.C. Oct. 14, 2010); *Morgal v. Arpaio*, No. CV 07-670-PHX-MHM (ECV), 2007 WL 4200760, at *2 (D. Az. Nov. 27, 2007).

granted are disfavored and rarely granted. *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981). Under the 12(b)(6) standard, a court cannot look beyond the pleadings. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). Pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Although "detailed factual allegations" are not necessary, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 129 S. Ct. at 1949 (citations omitted). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 129 S. Ct. at 1950-51.

**B.     *Heck* Bar**

Defendants first argue that Plaintiff's claims are barred by the Supreme Court's holding in *Heck v. Humphrey*, 512 U.S. 477 (1994). (*See* doc. 11 at 4.)

*Heck* provides that when success in a civil rights action would necessarily imply the invalidity of the plaintiff's conviction, the complaint must be dismissed unless the plaintiff demonstrates that the conviction has been reversed, expunged, invalidated, or otherwise called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Id.* at 486-87. Where the issues in the case are appropriate for early and final determination, however, consideration of whether *Heck* bars the plaintiff's claims is not required. *See Patton v. Jefferson Correctional Ctr.*, 136 F.3d 458, 462 n.6 (5th Cir. 1998) (when an action raises an issue of immunity, the court to the extent it is feasible to do so should determine that issue as early in the proceedings as possible); *Smithback v. Cockrell*, No. 3:01-CV-1658-M, 2002 WL 1268031, at *2 (N.D. Tex. June 3, 2002) (accepting recommendation that "[w]hen a plaintiff seeks relief unavailable under 42 U.S.C. § 1983 or sues individuals or entities who are not proper parties under § 1983, it also seems appropriate to have an early determination of those issues").

Here, because Defendants are not proper parties under 42 U.S.C. § 1983, the case is appropriate for final determination. Consideration of whether *Heck* bars his claims is therefore unnecessary.

**C.     42 U.S.C. § 1983**

Characterizing Plaintiff's claims as arising under 42 U.S.C. § 1983, Defendants move for judgment on the pleadings. (*See* doc. 11 at 5.)

Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a

citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a claim under § 1983, Plaintiff must allege facts that show that he has been deprived of a right secured by the Constitution and the laws of the United States and that the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

### 1. **Assistant Public Defender**

Defendants first contend that judgment is warranted in favor of the APD on grounds that he is not a state actor for purposes of § 1983 liability. (*See* doc. 11 at 6.)

In *Polk County v. Dodson*, 454 U.S. 312, 324-25 (1981), the Supreme Court held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding" for purposes of § 1983. *See also Brentwood Academy v. Tenn. Secondary Sch. Athletic Ass'n,* 531 U.S. 288, 303 (2001) (when "doing a defense lawyer's primary job", a public defender does "not ac[t] on behalf of the State; he is the State's adversary"); *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) (holding that "private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983"). Private parties may act "under color of state law" in certain circumstances that may subject them to liability under § 1983. *See Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 152 (1970); *Wong v. Stripling,* 881 F.2d 200, 202 (5th Cir.1989).

Here, Plaintiff's complaint does not allege that APD was acting under color of law during his representation of Plaintiff during the state prosecution. Nor does it allege any facts that would support a plausible claim that he acted under color of law. Plaintiff's claims against the APD should be dismissed for failure to state a claim upon which relief may be granted.

### 2. Public Defender's Office

Defendants contend that judgment is warranted in favor of the PD's Office on grounds that it is not a jural entity subject to suit. (*See* doc. 11 at 6.)

A plaintiff may not bring a civil rights action against a servient political agency or department unless such agency or department enjoys a separate and distinct legal existence. *Darby v. Pasadena Police Dep't,* 939 F.2d 311, 313-14 (5th Cir.1991). In *Darby,* the Fifth Circuit held that "unless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself." *Id.* at 313. A public defender's office is not a jural entity that can be sued under § 1983. *Foster v. Orleans Parish Public Defendants Office*, 2011 WL 446031, *2 (E.D. La. Jan. 3, 2011); *see also Delta Fuel Co., Inc. v. Maxwell*, 485 Fed. App'x 685, 686-87 (5th Cir. Aug. 10, 2012) (affirming the dismissal of § 1983 claim against a district attorney's office as a non-jural entity); *King v. Forest*, 915 F.Supp. 842, 844 (E.D.Tex. 1996) (holding that a county district attorney's office is not a legal entity capable of being sued under §1983). Plaintiff's claims against the PD's office should be dismissed for failure to state a claim upon which relief may be granted

### III. RECOMMENDATION

Defendants' motion for judgment on the pleadings should be **GRANTED**, and all of Plaintiff's claims against them should be dismissed.

**SO RECOMMENDED on this 1st day of March, 2013.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE